STOKER, Judge.
The defendants, F.A. Roberts, Sr. and Bobbie Roberts, have appealed the judgment of the trial court which was rendered in favor of the plaintiff, LaSalle State Bank. The judgment awarded to the Bank sums due and owing on certain promissory notes and recognized mortgages on property of the defendants given to secure the promissory notes. The defendants assert on appeal that the plaintiff should have been precluded from enforcing the obligations represented by three of the promissory notes against any remaining mortgaged collateral due to the Bank’s violation of the Deficiency Judgment Act, LSA-R.S. 13:4106-07. We disagree with the defendants’ contention and affirm the judgment of the trial court.
FACTS
Between 1980 and 1984, the defendants executed six promissory notes in favor of the Bank which totaled in excess of $140,-000. These promissory notes were secured by the pledge of several collateral mortgage notes. The collateral mortgage notes were secured by mortgages on certain movable and immovable property of the defendants. In July of 1984 the Bank instituted a suit by ordinary proceeding to collect the sum of $134,246.62 plus interest and attorney’s fees due and owing by the defendants and to have the mortgages recognized and maintained. The mortgaged property was sequestered at the same time. Subsequent to the filing of the suit, a pick-up truck and eight welding machines were sold by the defendants. These items were released by the Bank and the proceeds credited to the defendants’ indebtedness to the Bank. The defendants thereafter filed a general denial to the Bank’s suit. By an amended answer, the defendants raised as a defense to the action the Bank’s alleged violation of the Deficiency Judgment Act by the sale and release of the truck and welding machines. The defendants also filed exceptions of no cause of action and prescription.
After a trial on the merits, the trial court found that the defendants were entitled to certain credits against the amount due as originally prayed for by the Bank, but denied the defendants’ exception of prescription. The exception of no cause of action raised the alleged violation of the Deficiency Judgment Act and was not specifically ruled on by the trial court. The trial court found that the Bank was entitled to judgment on four of the six promissory notes, recognizing and maintaining the collateral securing them, but found that as to the two remaining notes the Bank had waived its right to any deficiency which might be owing because of the nonjudicial sale of the truck and welding machines. The trial court accordingly limited the Bank’s recovery on those two notes to whatever mortgaged collateral remained and denied any claim for the deficiency. The defendants argue on appeal that the Bank should have been denied recovery on one other note and should not have been able to enforce the other two notes at all against any remaining security because of the violation of the Deficiency Judgment Act.
THE DEFICIENCY JUDGMENT ACT
The proceedings before us for review were conducted via ordinaria. The nature of the proceeding determines whether LSA-R.S. 13:4106-07 applies. The Deficiency Judgment Act applies only to situations in which an executory proceeding has been employed to seize and sell mortgaged property. The executory proceeding is in rent, against the property not the person. The Deficiency Judgment Act is utilized to prevent a creditor or mortgagee from securing a personal judgment against the debtor if all provisions of law have not been strictly complied with. See Guaran *988 ty Bank of Mamou v. Community Rice Mill, 502 So.2d 1067 (La.1987).
Reliance on the Deficiency Judgment Act in this matter before us to limit the Bank’s recovery in its suit by ordinary proceeding against the defendants was inappropriate and was an error of law on the part of the trial court. For this reason we hold that the defendants’ arguments are without merit. However, we are precluded from amending the judgment in favor of the LaSalle State Bank because the Bank neither appealed the trial court’s judgment nor answered the defendants’ appeal. LSA-C.C.P. arts. 2164, 2121 and 2133. Accordingly, we affirm the judgment as it stands despite the error of law mentioned above.
For the reasons stated above, the judgment of the trial court is affirmed. The costs of this appeal are assessed to the defendants-appellants.
AFFIRMED.